PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. MANUEL ARROYO ARROYO, Defendant and Appellant.

No. 5060. Argued November 14, 1933.—Decided November 28, 1933.

*R. Rivera Zayas* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Manuel Arroyo was charged with the crime of assault and battery in that, on the night of April 22, 1932, in Comerío, he assaulted and battered Manuel Morales with a cane, inflicting a contused wound on the forehead. He pleaded not guilty, and after a trial he was convicted, a fine of fifty dollars being imposed upon him. Feeling aggrieved by that judgment, he took an appeal to this court. He has assigned in his brief two errors committed, as he claims, by the court, 1, in convicting him of assault and battery, and 2, in finding the existence of the aggravating circumstance relating to the cane.

We have carefully examined the evidence. That for the prosecution preponderantly shows that on the night of April 23, 1932, there were many persons gathered on one of the streets of Comerío in front of a house where voters were being registered; that two boys engaged in a fight, and this caused excitement in the public, whereupon the defendant, who was a member of a political party, assaulted and battered, with a cane he was carrying, Manuel Morales, who was a member of another political party, inflicting a wound on the forehead, and almost immediately another person hurled a rock at the defendant, wounding him in the head. There are also some statements in the evidence for the prosecution which tend to show that the defendant used his cane after he had been hit with the rock. The evidence for the defense tends to show that the defendant had not only been already wounded when he used his cane against Morales, but that he acted after being attacked by the latter.

The district court adjusted the conflict by giving credence to the evidence for the prosecution which shows an assault and battery committed by the defendant while he had not

yet been attacked by anyone, and much less by Morales. The care exercised by the judge in finding out which was the true version is apparent from his questions, and the defendant has not convinced us that the judge erred in convicting him. The first error is nonexistent.

The information clearly charged the offense of aggravated assault and battery. It expressly alleges that the instrument used was a cane. It complies with the requirements of the statute, (subdivision 6, section 6, of the Act of 1904 defining assault and battery, Laws of 1904, p. 48), as construed by this court in *People* v. *Mariani,* 22 P.R.R. 10. The cane used by the defendant is described by one of the witnesses for the prosecution, as follows: ''The cane was a long cane, having an iron rod inside. It was covered with dressed sheepskin,'' and the assaulted Morales said referring to it: ''With a cane which has something in the handle weighing about half a pound.'' The defendant himself designated it as a cane when testifying. Besides, it was produced in evidence, so that it could be directly examined by the judge.

In his argument under this assignment of error, the defendant maintains that the cane involved was not of the kind contemplated by the act, because the court in acquitting the defendant on another information brought against him, held that it was not a prohibited weapon.

It is not necessary that the cane be a prohibited weapon. The aggravation does not consist in the fact that the instrument might be capable of inflicting great bodily injury. The Legislature expressly provided in subdivision 6 of section 6 of the Act of 1904 which we have cited: ''When the instrument or means used is such as inflicts disgrace upon the person assaulted, as an assault or battery with a whip, cowhide or cane.'' It is the disgrace which the used instrument inflicts what constitutes the aggravating circumstance.

As the second and last of the errors assigned does not exist either, the judgment appealed from must be affirmed.